UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
WESLEY AUTREY, SR.,

                Plaintiff,

            -against-

DIANE L. KLEINMAN, ESQ., MARK ANTHONY,
Ph.D a/k/a MARK ANTHONY ESPOSITO, MARCO
ANTONIO PRODUCTIONS, and SiUNO THEATRICAL
PRODUCTIONS a/k/a SiUNO, Inc., jointly and
severally,

                Defendants.
-----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

07 Civ. 3584 (DAB)
MEMORANDUM & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/07

        On March 22, 2007, Plaintiff Wesley Autrey, Sr.

("Plaintiff") filed a Verified Complaint in the above-captioned

case in the Supreme Court of the State of New York in New York

County.  (See Notice of Removal, Exh. F.)  His Complaint asserts

that he performed an "extraordinary act of bravery" in the New

York City subway system.  (See Verified Compl. ¶ 7, at Notice of

Removal, Exh. F (hereinafter cited as "Verified Compl.").)  The

Complaint describes Plaintiff's jumping into the subway tracks

after he saw a fellow rider fall into the tracks during a

seizure.  (Id. ¶ 19.)  According to the Complaint, Plaintiff

"threw [him] down onto his back into a 12-inch trough between the

rails and jumped on top of him to keep him still."  (Id.)

1

Defendant Diane L. Kleinman ("Kleinman"), an attorney admitted to practice in the State of New York, was allegedly fired from her last job as an attorney in 1999. (<u>Id.</u> ¶¶ 8-9; Verified Answer and Counterclaims, in Notice of Removal, Exh. F (hereinafter cited as "Verified Answer") ¶¶ 8-9.) Kleinman allegedly has been unable to find work as an attorney since then. (Verified Compl. ¶ 9.) Plaintiff alleges that Kleinman, with the aid of Defendant Mark Anthony ("Anthony"), offered to represent Plaintiff in negotiations and communications pertaining to the publicity his story had been attracting. (<u>Id.</u> ¶¶ 24-40.) The Complaint aggrieves that Defendants sought out Plaintiff at a White House gathering in his honor and illegally pressured Plaintiff into signing an attorney retainer agreement. (<u>Id.</u> ¶¶ 40-41.) Plaintiff alleges that he was not aware of the retainer agreement's arbitration clause, among other things. (<u>Id.</u> ¶¶ 42-44.)

Plaintiff has alleged several New York common law claims, including legal malpractice, breach of fiduciary duty, defamation, and conspiracy to commit legal malpractice and breach of fiduciary duty. (<u>Id.</u> ¶¶ 70-79, 88-102.) Plaintiff also has alleged a New York statutory claim. (<u>Id.</u> ¶¶ 80-87.) The Verified Complaint seeks a declaratory judgment "that no valid arbitration agreement exists between Plaintiff and any of the

Defendants".  (Id. at 20-21.)  The Complaint also seeks a
permanent stay of any arbitration between the parties, a
declaration that the contract of which the arbitration agreement
was part is void and unenforceable, a declaration that Defendants
do not have Plaintiff's written consent to use his name and story
for any purpose; and a permanent injunction preventing Defendants
from representing Plaintiff in any manner or from using
Plaintiff's name and story for any purpose.  (Id.)

On April 16, 2007 - rather than seek removal of the case to
federal court - Defendant Kleinman answered the Verified
Complaint in the New York Supreme Court.  (See Verified Answer.)
Kleinman also brought three counterclaims: one for breach of
contract, one to compel arbitration, and one for attorneys' fees
and costs.  (Id. ¶¶ 132-143.)

According to Kleinman, Plaintiff indicated his intent not to
honor the retainer agreement in early March of 2007.  (Notice of
Removal ¶ 27.)  Defendant Anthony thereupon allegedly served
Plaintiff with a demand to arbitrate the dispute (Id. ¶ 28; see
also Notice of Removal, Exh. E.), at which time Plaintiff
instituted the underlying action in New York Supreme Court
(Notice of Removal ¶ 29).  Justice Fried of the New York Supreme
Court issued a Temporary Restraining Order against Defendants on
March 23, 2007.  (See Plaintiff's Letter, dated May 10, 2007 at

3.)  That Temporary Restraining Order is in effect until May 15, 2007, when Justice Fried will hold a hearing on Plaintiff's request for preliminary injunctive relief.  (Id.)

Kleinman filed her Notice of Removal on May 4, 2007, which seeks to remove Plaintiff's case to the United States District Court for the Southern District of New York.  (See Notice of Removal at 1.)  The Notice of Removal contains no written indication from any Defendants other than Kleinman or those Defendants' attorneys that they have consented to the removal, which is required by 28 U.S.C. § 1441.  See Yoo v. Young Lee, 1996 WL 417517, *2 n.2 (S.D.N.Y. 1996); Reiken v. Nationwide Leisure Corp., 458 F. Supp. 179 (D.C.N.Y. 1978).  See also Chicago R.I. & P. Ry. v. Martin, 178 U.S. 245 (1900).  Defendants seek removal on the basis of federal-question jurisdiction. Plaintiffs object to the removal.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the . . . district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Kleinman

has not sought removal on the basis of diversity jurisdiction;
therefore, federal-question jurisdiction is required.

Pursuant to 28 U.S.C. § 1331, federal question jurisdiction
exists for "all civil actions arising under the Constitution,
laws, or treaties of the United States."  The presence of federal
question jurisdiction is governed by the well-pleaded complaint
rule.  "[W]hether a case is one arising under the Constitution or
a law or treaty of the United States, . . . must be determined
from what necessarily appears in the plaintiff's statement of his
own claim . . . unaided by anything alleged in anticipation or
avoidance of defenses which it is thought the defendant may
interpose."  Taylor v. Anderson, 234 U.S. 74, 75-76 (1914).  See
also Caterpillar Inc., 482 U.S. at 392 (1987) (citing Gully v.
First National Bank, 299 U.S. 109, 112-113 (1936)) ("The presence
or absence of federal-question jurisdiction is governed by the
well-pleaded complaint rule, which provides that federal
jurisdiction exists only when a federal question is presented on
the face of the plaintiff's properly pleaded complaint.")
(internal quotation marks omitted).  Furthermore, and of
particular importance in this case, it must be noted that "if a
complaint alleges only state law based causes of action, it
cannot be removed from state court to federal court even if there
is a federal defense."  Hernandez v. Conriv Realty Associates,

5

116 F.3d 35, 38 (2d Cir. 1997) (<u>citing</u> <u>Caterpillar Inc.</u>, 482 U.S.

at 392-93); <u>see</u> <u>Franchise Tax Bd. of State of Cal. v.</u>

<u>Construction Laborers Vacation Trust for Southern California</u>, 463

U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a

case may not be removed to federal court on the basis of a

federal defense, including the defense of preemption, even if the

defense is anticipated in the plaintiff's complaint, and even if

both parties admit that the defense is the only question truly at

issue in the case.). In sum, and subject to two exceptions not

applicable here, the well-pleaded complaint rule "makes the

plaintiff the master of the claim; [and as such] he or she may

avoid federal jurisdiction by exclusive reliance on state law."

<u>Caterpillar</u>, 482 U.S. at 392.[1]

---

[1] Two exceptions exist to the well-pleaded complaint rule,
the complete preemption doctrine, <u>Fleet Bank, National Assoc. v.</u>
<u>Burke</u>, 160 F.3d 883, 886 (2d Cir. 1998); <u>Marcus v. AT & T Corp.</u>,
138 F.3d 46, 53 (2d Cir. 1998), and the artful pleading doctrine,
<u>Marcus</u>, 138 F.3d 46, 55; <u>In re "Agent Orange" Prod. Liability</u>
<u>Litig.</u>, 996 F.2d 1425, 1430 (2d Cir. 1993). Where neither
exception applies, "the well-pleaded complaint rule requires
remand . . . ." <u>See</u> <u>Levcor Int'l, Inc. v. MCI WorldCom Comm.,</u>
<u>Inc.</u>, No. 01 Civ. 1093, 2001 WL 716918, at *2 (S.D.N.Y. June 26,
2001). The first exception, the complete preemption doctrine,
exists where "the pre-emptive force of a statute is so
extraordinary that it converts an ordinary state common-law
complaint into one stating a federal claim for purposes of the
well-pleaded complaint rule." <u>Marcus</u>, 138 F.3d at 53 (<u>quoting</u>
<u>Caterpillar</u>, 482 U.S. at 393) (internal quotations omitted). <u>See</u>
<u>generally</u> <u>Fleet Bank</u>, 160 F.3d at 886 (stating that the doctrine
has "been recognized only in three contexts," none of which apply
here). The second exception, the artful pleading doctrine,

Because of significant federal concerns, "[r]emoval jurisdiction must be strictly construed," In re NASDAQ Market Makers Antitrust Litig., 929 F.Supp. 174, 178 (S.D.N.Y. 1996), and "all doubts should be resolved in favor of remand." Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y.1996) (internal quotation marks omitted). Therefore, "[i]f federal jurisdiction is dubious, remand is proper . . . ." In re 17,325 Liters of Liquor, 918 F. Supp. 51, 54 (N.D.N.Y.1996).

Kleinman contends that the federal questions in this case arise under 9 U.S.C. § 22 and 9 U.S.C. § 4, as well as under 28 U.S.C. § 1343. As to the first basis, there is no Section 22 under Title 9 of the United States Code. No federal question can arise under a nonexistent statute.

Nor does a federal question arise under 9 U.S.C. § 4. That statute reads in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition a United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy

---

permits a defendant to remove a complaint "which appears to be grounded solely in state law" where the true nature of the complaint "has been disguised by the plaintiff's artful pleading." In re Agent Orange Prod. Litig., 996 F.2d at 1430. The Court does not find the Plaintiff has disguised the true nature of its Complaint.

> between the parties, for an order directing that
> such arbitration proceed in the manner provided
> for in such an agreement.

9 U.S.C. § 4.  Presumably, Kleinman is arguing that her

counterclaim against Plaintiff which seeks to compel arbitration

relies on this statute and that therefore the case properly may

be removed to this Court.  However, this statute requires that

the underlying dispute for which arbitration is sought also be

subject to federal jurisdiction.   "The federal courts do not

have jurisdiction under [this statute] unless there exists, apart

from the [Federal Arbitration Act], an independent basis of

federal jurisdiction.  Metro. Indus. Painting Corp. v. Terminal

Const. Co., 287 F.2d 382, 384 (2d Cir. 1961).  See also Stolt-

Nielsen SA v. Celanese AG, 430 F.3d 567, 572 (2d Cir. 2005).

    No independent basis for federal jurisdiction exists here.

While Kleinman contends that the contract pertains to world-wide

media rights and international commerce (Notice of Removal ¶ 25),

she neglects to make clear how the alleged global nature of the

retainer agreement puts this dispute within the scope of any

particular federal law.  Moreover, even were a worldwide,

commercial agreement a type of contract that should be considered

under federal law, Defendants' contention that this contract

would ever involve a foreign state – or for that matter,

commercial relationships with any entities from foreign states –

8

is specious.  Kleinman cannot assert federal question

jurisdiction under 9 U.S.C. § 4.

Plaintiff's third purported basis for removal is under 28

U.S.C. § 1343.  This statute reads:

> The district courts shall have original
> jurisdiction of any civil action authorized by law
> to be commenced by any person:
>
> (1) To recover damages for injury to his person or
> property, or because of the deprivation of any
> right or privilege of a citizen of the United
> States, by any act done in furtherance of any
> conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails
> to prevent or to aid in preventing any wrongs
> mentioned in section 1985 of Title 42 which he had
> knowledge were about to occur and power to
> prevent;
>
> (3) To redress the deprivation, under color of any
> State law, statute, ordinance, regulation, custom
> or usage, of any right, privilege or immunity
> secured by the Constitution of the United States
> or by any Act of Congress providing for equal
> rights of citizens or of all persons within the
> jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or
> other relief under any Act of Congress providing
> for the protection of civil rights, including the
> right to vote.

28 U.S.C. § 1343(a).  This case does not involve the United

States Government in any way, nor does it involve any other

government or any civil rights.  28 U.S.C. § 1343 is entirely

irrelevant, and does not provide a basis for removal.

9

Kleinman's efforts and timing to remove this case to federal court clearly are made in bad faith. She elected to answer the Complaint, and then chose not to seek removal until three weeks later, despite the case's very active docket. What is more, the Verified Complaint does not expressly state any federal cause of action. To the extent that Kleinman is arguing that Plaintiff's request related to the arbitration clause, if stated properly, would pose a federal question,[2] Plaintiff's state law claims clearly predominate over this matter. The arbitration issue alone does not suffice for federal jurisdiction.

Kleinman's attempted removal is apparently a last-ditch, dilatory tactic being used to thwart the preliminary injunction hearing scheduled before Justice Fried in New York State court. Her attempt fails as a matter of law.

---

[2] This Court is not – and need not – determine whether Plaintiff's request for this relief may arise under federal law.

Accordingly, this case shall be REMANDED to the New York State Supreme Court for the County of New York.  The Clerk of Court is directed to CLOSE the docket for this case.


    SO ORDERED.

Dated:     New York, New York
           May 11, 2007

                                    _____
                                         Deborah A. Batts
                                    United States District Judge

11